IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL NOSAK, | ) |
| | ) |
|     **Plaintiff**, | ) |
| | ) |
| v. | )    Case No. 25-CV-147-GLJ |
| | ) |
| NATIONAL LIABILITY & | ) |
| FIRE INSURANCE COMPANY, | ) |
| | ) |
|     **Defendant**. | ) |

## ORDER

This matter comes before the Court on Defendant National Liability & Fire Insurance Company's motion to dismiss for failure to timely obtain service of process. *See* Docket No. 9. Plaintiff originally filed his action in Cherokee County District Court, Oklahoma, and Defendants subsequently removed the action to this Court. *See* Docket No. 2-1. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendant National Liability & Fire Insurance Co.'s Motion to Dismiss and Brief in Support [Docket No. 9] is DENIED.

### Procedural History

On December 4, 2020, Plaintiff filed his lawsuit in Cherokee County District Court, Oklahoma, against Nosak Improvement, Inc., Troy Martinez and National Indemnity Insurance Company related to a vehicle accident that occurred in Cherokee County. *See* Docket No. 2, Ex. 1. Plaintiff never served a copy of the Petition or summons on any of the defendants to the original Cherokee County lawsuit. *Id*. On March 19, 2025, Plaintiff

1

filed his First Amended Petition, in which he names only National Liability & Fire Insurance Company as a defendant.[1]  *Id.*, Ex. 5.  On or around April 23, 2025, Defendant agreed to accept service of the Amended Petition.  *Id*.  On May 2, 2025, Defendant removed this action to this Court.  *Id*.  Defendant now seeks a dismissal of the action due to Plaintiff's failure to timely serve the Petition on it in accordance with Oklahoma law and because Plaintiff lacked good cause for failing to do so.  See Docket No. 9.

## Analysis

A court lacks personal jurisdiction over a defendant if there is insufficient service of process.  *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376 (1937).  *See also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'").  "Effectuation of service is a precondition to suit," *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998), and Fed. R. Civ. P. 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process.

It is well-settled that, after removal, federal rather that state law governs the course of proceedings.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (citing *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974)).  Nonetheless,

---

[1] The Amended Petition does not set forth if the Defendant is the successor to or the same as National Indemnity Insurance Company, who was originally named in the Petition.

"federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Id*. (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

Under 12 O.S. § 2004(I), "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action **shall be deemed dismissed** as to that defendant without prejudice. . . ." (Emphasis added). It is undisputed that service of Defendant was not completed within 180 days of filing the Petition. *Cf. Brown v. K-MAC Enters.*, 2012 WL 4321711, at *6 (N.D. Okla. Sept. 19, 2012) (filing an amended petition did not restart the service clock). Plaintiff concedes it never served the Petition on any of the defendants during the four years after the case was filed and service of the Amended Petition was accomplished only when Defendant voluntarily agreed to accept service on March 19, 2025, approximately four years after the deadline for service expired.

The "shall be deemed dismissed" language in 12 O.S. § 2004(I), however, does not mean the action is automatically dismissed by operation of law on the 181st day. Instead, "[t]he best interpretation of the 'deemed dismissed' language is that after the expiration of the 180 days under § 2004(I), grounds for dismissal have ripened." *Cole v. Josey*, 2019 OK 39, ¶ 16, 457 P.3d 1007, 1013. Thus, the action was subject to dismissal after 180 days of filing the Petition, but it was never dismissed prior to being removed to this Court.

While the parties devote most of their briefs to the issue of whether or not Plaintiff has shown good cause for his failure to timely serve Defendant, the preliminary issue is the

3

effect on the defective service of the removal of the action to this Court.[2] "In all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. As previously noted, service of Defendant was clearly defective because it was not completed timely under 12 O.S. § 2004(I). Nonetheless, by removing the case to federal court, Plaintiff may be granted a new 90-day period from the date of the removal to perfect or obtain service. *Wallace*, 596 F.2d at 707 (defendant's removal gave plaintiff an additional 120 days [the period for service then allowed by Fed. R. Civ. P. 4(m)] in which to perfect service); *Baumeister v. N.M. Comm'n for the Blind*, 409 F.Supp.2d 1351, 1352 (D. N.M. 2006) (holding that "[w]here service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the plaintiff [90] days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured").

Nonetheless, because 28 U.S.C. § 1448 is phrased in the permissive such that service "may be" completed to cure any deficiency as if filed in federal court, the Court also

---

[2] Like the good cause standard in 12 O.S. § 2004(I), Fed. R. Civ. P. 4(m), which governs service in federal court, provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for services for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

considers whether good cause or other grounds may exist to extend the time for Plaintiff to effectuate service. As it relates to good cause, the undersigned notes that good cause is generally left to the discretion of the Court and is determined considering the diligence of the party, and that the party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. *Kirk v. Walgreen Co.*, 2015 WL 13548990, at *2 (W.D. Okla. Sept. 4, 2015) (citing *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996)).

Plaintiff fails to show good cause for its failure to serve Defendant for over four years. Plaintiff offers no facts indicating he exercised any diligence by attempting to serve Defendant or made any reasonable effort to meet the service deadline. Instead, Plaintiff seems to blame Defendant for his failure by stating he was communicating with Defendant from the beginning of the claim, Defendant has been "aware of Plaintiff's suit since at least October 16, 2023, if not before", and argues Defendant should have previously moved to dismiss the case despite not having been served. *See* Docket No. 10, p. 3. Plaintiff does not offer, and the Court is unaware of, any authority supporting the argument that Defendant had any obligation to seek dismissal of the action *before* being served. Moreover, to the extent Plaintiff is attempting to argue estoppel due to Defendant's knowledge of the claim or that there were settlement negotiations occurring, such position has been rejected. *See, e.g., Mid-Continent Cas. Co. v. KCHM, Inc.*, 2020 WL 13866271, at *2 (E.D. Okla. Dec. 21, 2020) (Plaintiff is not entitled to tolling or equitable estoppel with respect to settlement negotiations or agreements); *Kirk*, 2015 WL 13548990, at *3 ("The fact that settlement negotiations and document exchanges were underway . . . does

not constitute good cause for failing to effect service. . . ."); *Hart v. Bridges*, 591 P.2d 1172, 1174 (Okla. 1979) (an estoppel argument was raised to avoid dismissal based on limitations; the court stated that "Mere negotiations of course do not make out a case for estoppel. Plaintiff must show he relied on the settlement negotiations and that such reliance was reasonable under the facts of this case, thus inducing him to delay filing suit."). Plaintiff offers no basis upon which good cause for his failure to even attempt to serve Defendant for over four years or for the application equitable estoppel.

Notwithstanding the lack of good cause, Plaintiff also argues that dismissal of the action would unnecessarily burden the parties and the Court. Specifically, Plaintiff notes that if the action is dismissed without prejudice, he will simply refile it within one year under the Oklahoma savings statute at 12 O.S. § 100. *See* Docket No. 10, p. 4. Although Defendant does not respond to the Oklahoma saving statute issue, it argues that Plaintiff's equitable argument against dismissal should fail because it is Plaintiff's own conduct that would cause the dismissal. While the Court understands Defendant's frustration with Plaintiff's complete lack of diligence in pursuing this matter in a timely manner, it is also mindful that to the extent Defendant now complains of prejudice, it contributed to its current predicament by removing this action rather than seeking to dismiss it in state court thereby bringing 28 U.S.C. § 1448 into play. *See Baumeister*, 409 F.Supp.2d at 1354 ("If Defendants had a valid argument for dismissal based on insufficient state service, they could have moved the state court for relief. Instead, Defendants chose to exercise their right to remove the case to the federal system; with that, Defendants must accept both the advantages and disadvantages that removal brings.").

Based on the practical reality that Plaintiff can and likely will refile the case if it is dismissed and the strong policy underlying the Federal Rules of reaching the merits of an issue rather than dismissing a case on a technicality, *see Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848–49 (10th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 181–82 (1962)), the Court finds that 28 U.S.C. § 1448 provides the necessary discretion to allow Plaintiff 90-days from the date of removal to cure the defective service of Defendant. Plaintiff is on notice, however, that any future dilatory tactics or failure to timely prosecute this case will not be permitted by this Court.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendant National Liability & Fire Insurance Co.'s Motion to Dismiss and Brief in Support [Docket No. 9] is DENIED, the ineffective service of process on Defendant is QUASHED, and Plaintiff is given 90-days from removal, or until July 31, 2025, to properly serve Defendant.

**DATED** this 9th day of June, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**