IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL NOSAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-25-00147-GLJ |
| ) | |
| NATIONAL LIABILITY & FIRE INS. ) | |
| CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel. *See* Docket No. 27. Plaintiff brings this case arising out of an automobile accident on December 9, 2018. *See* Docket No. 2, Ex. 1. For the reasons stated below, Plaintiff's Motion to Compel Defendant National Liability & Fire Insurance Company to Respond to Plaintiff's Discovery Requests [Docket No. 27] is GRANTED.

**Procedural Background**

Plaintiff served interrogatories and requests for production on Defendant on July 3, 2025. *See* Docket No. 27. Defendant served its written responses to both on August 8, 2025. Thereafter, beginning around August 12, 2025, counsel for the parties discussed the need for an agreed protective order before Defendant would product responsive documents. *Id*. An agreed protective order compliant with the Court's scheduling order was not submitted and entered until September 30, 2025. *See* Docket Nos. 25 & 26. Nonetheless, as of November 10, 2025, despite attempts by Plaintiff's counsel to communicate regarding

the issue, Defendant had not produced any responsive documents and Plaintiff filed the current motion.  *See* Docket No. 27.  Defendant responds by representing that after the motion to compel was filed it produced over 1,300 pages of responsive documents to Plaintiff.  *See* Docket No. 28.  Other than the August 12, 2025 telephone call, Plaintiff does not set forth any further attempt to comply with the meet and confer obligation under LCvR 7.1(f).

## Analysis

Federal Rule of Civil Procedure 34(a)(1)(A) provides that a party may serve on another party a request that it produce "any designated documents or electronically stored information. . . ." Fed. R. Civ. P. 34(a)(1)(A).  "The responding party may state that it will produce copies of documents or electronically stored information instead of permitting inspection.  The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).  The rule's Advisory Committee Notes clarify that "production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34(b)(2)(B), Advisory Committee Notes, 2015 amendments.

Plaintiff does not attach or describe in any way the requests for production of documents that are at issue or any deadline he sought to impose on the production. Defendant states that the "complicated and interrelated nature of Plaintiff's third-party and later submitted first party claims" made identifying and producing responsive documents

difficult. *See* Docket No. 28. Nonetheless, Defendant now represents it has produced responsive documents and Plaintiff's motion is moot. *Id.*

The reasonable period of time within which production must be completed, Fed. R. Civ. P. 34(b)(2)(B), will of course depend on the nature and extent of the production at issue. Defendant states that the complicated nature of the production in this case delayed compliance. While that may be the true, Defendant nonetheless appears to have been less than diligent is submitting an appropriate agreed protective order and then producing responsive documents after the protective order was entered. Although Defendant served it written response on August 8, 2025, it did not produce any documents until late November 2025. At a minimum, Defendant's counsel failed to communicate with or timely apprise Plaintiff's counsel of the status of production or identify the source of any delay, ultimately leading to the filing of the motion to compel. The rules require and the Court expects the parties to work cooperatively in conducting discovery and to avoid needless disputes such as the one before the Court on Plaintiff's motion. *See, e.g., Watkins v. Property Mgt. Services Inc.*, 2023 WL 3486990, at *1 (W.D. Okla. May 16, 2023) ("All parties should make their best efforts to conduct the litigation in a mutual spirit of cooperation and good faith. The Court reminds Plaintiff and Defendants of their obligations to voluntarily disclose relevant information and evidence as required by Fed. R. Civ. P. 26(a) and to cooperate with one another in conducting discovery."); *Morrison v. Stonebridge Life Ins. Co.*, 2015 WL 11598705, at *1 (W.D. Okla. Jan. 9, 2015) (counsel are obligated "to engage in reasonably cooperative efforts to conduct discovery and avoid unnecessary disputes."); E.D. of Okla. LCvR 7.1(f) ("With respect to **all** non-dispositive

motions or objections (including all discovery matters and motions in limine), the Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.").

## Conclusion

Accordingly, Plaintiff's Motion to Compel Defendant National Liability & Fire Insurance Company to Respond to Plaintiff's Discovery Requests [Docket No. 27] is GRANTED and Defendant is ordered to produce all responsive documents in its possession, custody or control, to the extent not already produced, no later than 14 days after the entry of this order. Defendant is further ordered to state whether any document is being withheld based on any objection asserted in compliance with Fed. R. Civ. P. 34(b)(2)(C)

IT IS SO ORDERED this 2nd day of December 2025.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**